GARBARINI FITZGERALD P.C.
250 Park Ave., 7th Fl.
New York, NY 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SIMON J. BURCHETT PHOTOGRAPHY, INC.,   Case No.: 19-cv-1269

              Plaintiff,   **ECF CASE**

     v.   **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

SEASPAN CORP.,

              Defendant.
-------------------------------------------------------------x

     Plaintiff Simon J. Burchett Photography, Inc., by and through the undersigned counsel, brings this Complaint and Jury Demand against SEASPAN Corp. ("SEASPAN") for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 ("DMCA").  Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## NATURE OF THE ACTION

    1.    Defendant copied, and publicly displayed seven (7) of plaintiff's copyrighted photographic images of various vessels covered by U.S. Copyright Registrations No. VA2 036-532 (the "Copyrighted Images.").  Defendant also created four (4) illegal derivative works from plaintiff's Copyrighted Images and publicly distributed and displayed those images.

2. Defendant also copied, distributed and publicly displayed the Copyrighted Images and illegal derivative works, by publishing all eleven (11) images in its 2007 and 2010 Year End Reports. The 2007 and 2010 Year End Reports were physically distributed and then put on line. Defendant also displayed, and continues to display, all eleven (11) images at issue on its website.

3. At no time did defendant obtain a license or permission of any kind for these uses.

4. Numerous requests have been made to defendant to produce a license if it has one or stop infringing. Defendant has failed to produce any license and has refused to stop infringing.

5. Defendant SEASPAN claims it has an invoice for four (4) images. But defendant used seven (7) images and created four (4) illegal derivatives. Consequently, the purported invoice is of no moment.

6. Moreover, the purported invoice is not a license. The purported invoice doesn't state what images are covered, the duration, attribution requirements, restrictions on use, the geographic area, right to display publicly, the uses or mediums.

7. Defendant also failed to include information on the eleven (11) images on its website and 2007 and 2010 Annual Reports which identified the author of the Copyrighted Images, the owner of any right in the Copyrighted Images, or information about the terms and conditions of use of the Copyrighted Images. Defendant also intentionally altered or removed the metadata from the Copyrighted Image. There are fifteen (15) clear violations of the DMCA 17 U.S.C. §§ 1201-02 and plaintiff is entitled to up to $25.000 under 17 U.S.C. § 1203 per instance.

8. Defendant's infringement satisfies the standard for enhanced damages under Section 504(c) of the Act, and plaintiff has been injured as a result of defendant's actions.

## JURISDICTION

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

10. The Copyrighted Images were registered for copyright protection with the U.S. Copyright Office prior to the filing of this matter and satisfy the preregistration requirement as set forth in 17 U.S.C. § 411(a). See **Exhibit 1**. All beneficial rights to the Copyrighted Images have been assigned from the author to plaintiff, and said assignment has been registered with the U.S. Copyright Office.

11. The Copyrighted Images were registered within three months of the infringement entitling plaintiff to an election of statutory damages and attorneys' fees.

12. This Court has *in personam* jurisdiction over the defendant because the defendant has established contacts within this Judicial District sufficient to permit the exercise of personal jurisdiction. Defendant publishing the Copyrighted Images on the Internet with the intent they be used or viewed within this Judicial District in the ordinary course of trade, and the defendant has conducted significant business targeted at New York in the ordinary course of trade.

13. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in

the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

14. SEASPAN trades on the New York Stock Exchange.

15. SEASPAN is one of the largest container ship companies in the world, and frequently delivers, and picks up, goods in New York.

16. In fact, SEASPAN's vessel the COSCO Faith is currently docked on Staten Island where it unloaded goods from China.





17. Defendant reproduced and distributed the Copyrighted Images and illegal derivatives through its website found at www.seaspan.com and by using the eleven (11) images in its 2007 and 2010 Annual Report. These are intentional torts (copyright infringement) committed without the state.

4

18. The copyright owner resides in New York, NY, and the injury was felt in that Judicial District.

19. Defendant regularly conducts or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

20. This Court has jurisdiction pursuant to CPLR § 302 (a)(3).

## VENUE

21. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

22. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

23. Defendant regularly and frequently lands ships at the Staten Island port.

## PARTIES

24. At all times material hereto, plaintiff Simon J. Burchett, Inc. ("BURCHETT") was, and is, a corporation organized under the laws of the State of New York with a principal place of business in Manhattan, New York.

25. Upon information and belief, defendant SEASPAN Corp. ("SEASPAN") was, and is, a forien company with a principal place of business located at Bupa Centre, 2nd Floor, Unit 2, 141 Connaught Road West, Hong Kong.

### Facts

26. Plaintiff is owned by world-renowned photographer Simon J. Burchett.

27. Simon Burchett has been honored with many photography awards and accolades.

28. BURCHETT is the beneficial owner, by assignment, of the Copyrighted Images.

**Infringements**

29. SEASPAN copied, distributed, and publicly displayed eleven (11) separate Copyrighted Images and illegal derivatives in its 2007 and 2010 Annual Reports. Both Annual Reports were distributed to the public, and posted on defendant's website where they can be found as of the date of this Complaint.

30. There is one (1) image that appears in three separate sub-pages on defendant's website found at www.seaspancorp.com.

31. Defendant had no license or authority for any of these uses. Plaintiff discovered these uses in December 2018, January 2019, and February 2019.

32. The foillowing are sub-pages on defendant's website with infringing images which can be viewed as of the date of this Complaint.

| | |
|---|---|
|  | Found at:<br><br>https://www.seaspancorp.com/fleet-summary/.<br><br>**Image 1 – Vessel CSCL Zeebrugge** |

| | |
|---|---|
|  | Found at:<br><br>https://www.seaspancorp.com/fleet-summary/operating-fleet/.<br><br>**Image 1 – Vessel CSCL Zeebrugge** |
|  | Found at:<br><br>https://www.seaspancorp.com/vessels/cscl-zeebrugge/.<br><br>**Image 1 – Vessel CSCL Zeebrugge** |

33. SEASPAN also copied and distributed three (3) Copyrighted Images in its 2007 Annual Report. SEASPAN then publicly displayed the Annual Report on its website. Plaintiff discovered these infringements in February 2019.

34. The following images are from SEASPAN's 2007 Annual Report which can be found at https://www.seaspancorp.com/wp-content/uploads/2014/12/SSW_2007_Annual_Report.pdf. See **Exhibit 2**.



Cover Page – SEASPAN 2007 Annual Report

Found at:

https://www.seaspancorp.com/wp-content/uploads/2014/12/SSW_2007__Report.pdf

**Image 2 – Vessel CSCL Zeebrugge**



Page 12 – SEASPAN 2007 Annual Report

**Image 3 – Vessel Dubai Express**



Back cover – SEASPAN 2007 Annual Report

**Image 4 – Vessel CSCL Long Beach**

35. The following images are from SEASPAN's 2010 Annual Report which can be found at https://www.seaspancorp.com/wp-content/uploads/2014/12/SSW_2010_Annual_Report.pdf. Plaintiff discovered these infringements in January 2019.



Cover – SEASPAN 2010 Annual Report

**Image 5 – Vessel CSCL Zebrugge**



Page 3 – SEASPAN 2010 Annual Report

**Image 1 – Vessel CSCL Zeebrugge**



Page 4 - SEASPAN 2010 Annual Report

**Image 3 – Vessel Dubai Express**



Page 10 – SESPAN 2010 annual Report

**Image 6 - Illegal Derivative of image of CSCL Zebrugge**



Page 11 – SEASPAN 2010 Annual Report

**Image 7 - Illegal Derivative of image of CSCL Zeebrugee**



Page 16 – SEASPAN 2010 Annual Report

**Image 6: Vessel CSCL Long Beach**



Page 17 – SEASPAN 2010 Annual Report

**Image 8 - Illegal Derivative of Image 5**

| | |
|---|---|
|  | Page 43 – SEASPAN 2010 Annual Report<br><br>**Image 9 – Vessel CSCL Africa**<br><br>**Image 3 – Vessel Dubai Express**<br><br>**Image 10 – Illegal derivative CSCL Zebrugee** |
|  | Back Page – SEASPAN 2010 Annual Report<br><br>**Image 11 – Illegal derivative of Image 6 CSCL Zeebruge** |

36. SEASPAN failed to credit plaintiff on its website, it also failed to in its 2007 and 2010 Annual Reports. It illegally created derivative four (4) derivative works in violation of 17 U.S.C. § 106(2).

## DMCA VIOLATIONS

37. Defendant is responsible for fifteen (15) instances which constitute separate violations of the DMCA 17 U.S.C. §§ 1201-1203.

38. On fifteen occasions, defendant failed to include information which identified the Copyrighted Images, the author of the Copyrighted Images, the owner of any right in the Copyrighted Images, or information about the terms and conditions of use of the Copyrighted Images. The mis-attribution is further evidence of defendant's violation of the DMCA.

39. Defendant went even further to avoid crediting plaintiff. On page 3 of the SEASPAN 2010 Annual Report, defendant states:

> "CSCL Zeebrugge 9600 TEO, Photographed in Sea of Gibraltar, between Malaga and Almeria"

40. As with every other use, defendant gives detailed informatiom on the image but fails to attribute plaintiff in any manner.

41. On the back cover, defendant created an illegal fderivate and states:

> "Photographed in Sea of Gibraltar, between Malaga and Almeria"

42. Defendant admits that it is an illegal derivative of the image from page 3 of the SEASPAN 2010 Annual Report. It merely omits the vessel information which it illegally cropped out.

43. On page 16 of the SEASPAN 2010 Annual Report, defendant states:

> "CSCL Long Beach 9600 TEO vessel photograpghed off the coast of Portugal"

14

44. Defendant omits the fact that plaintiff flew a plane 100 miles off the coast of Portugal to take the image with no assistance from the defendant.

45. On the back page of the SEASPAN 2007 Annual Report, rather than attribute plaintiff as the photograpgher. Defendant states:

> "CSCL Zeebrugge 9600 TEO, Photographed in Sea of Gibraltar, between Malaga and Almeria August 18/19, 2001"

46. A shocking amount of information, yet nothing to attribute the photograpgher.

47. Curiously, defendant, based in Hong Kong, did attribute images created by Asian photograpghers.

48. Defendant has violated 17 U.S.C. §§ 1201-03 by failing to include information which identified the Copyrighted Images, the author of the Copyrighted Images, the owner of any right in the Copyrighted Images, or information about the terms and conditions of use of the Copyrighted Images. The mis-attribution is further evidence of defendant's violation of the DMCA.

**Notices of Infringement**

49. Defendant was put on notice numerous times by plaintiff's counsel that it was infringinging plaintiff's copyrighted images.

50. Plaintiff's counsel requested licenses be produced for the seven (7) Copyrighted Images and four (4) derivative images used by defendant. Defendant failed to produce any.

51. At one point, defendant produced an invoice for four images (the "Invoice').

52. On its face, the Invoice does not state what images are covered, the approved uses or mediums, duration, geographic scope, right to public display, etc. In the absence of this information. there is no conceivable way the Invoice could ever be considered a license.

53. SEASPAN cannot prove there was an implied license. The author did not create the Copyrighted Images with knowledge and intent that the works would be used by defendant for a specific purpose.

54. The Copyrighted Images here were not created for SEASPAN, nor did plaintiff grant SEASPAN the right to reproduce, distribute, publicly display, or create derivative works.

55. Plaintiff has been injured by SEASPAN's actions or omissions, and SEASPAN's infringements clearly satisfy the standard for enhanced damages under Section 504(c) of the Act.

<b>FIRST CLAIM FOR RELIEF<br>COPYRIGHT INFRINGEMENT</b>

56. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

57. It cannot be disputed that the plaintiff has a valid, registered copyrights, and owns all rights to the Copyrighted Images.

58. Defendant, without authority from plaintiff, reproduced, publicly displayed, and/or publicly distributed plaintiff's Copyrighted Images.

59. Defendant illegally created four (4) derivative works from plaintiffs Copyrighted Images in violation of Section 106 (2) of the Act.

60. Defendant has intentionally infringed (pursuant to Section 504(c)) plaintiff's exclusive rights set forth in Section 106 of the Act, and elsewhere.

61. Defendant's use of the Copyrighted Images and illegal derivatives was not for criticism, comment, news reporting, teaching, scholarship, or research.

62. Defendant's use was not transformative.

63. Defendant continued to distribute and/or publicly display the Copyrighted Images and illegal derivatives after notice.

64. Defendant has intentionality, or with reckless disregard, infringed plaintiff's rights under Section 106 of the Act.

65. As a direct and proximate result of defendant's infringement, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff would have charged £395 per image per year. That's £5,925 in lost license fees alone.

66. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA

67. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

68. Section 1202 of the DMCA provides, in part: "(a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(a)-(b).

17

69. Copyright management information is defined as: "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note

70. Defendant failed to include information which identified the Copyrighted Images, the author of the Copyrighted Images, the owner of any right in the Copyrighted Images, or information about the terms and conditions of use of the Copyrighted Images. The mis-attribution is further evidence of defendant's violation of the DMCA.

71. Defendant did, however, attribute images in its 2010 Annual Report which were taken by individuals of Asian origin.

72. Defendant violated the DMCA each time they wrongfully distributed the Copyrighted Images.

73. Defendant also violated section 1202 by abstracting or removing and/or altering the anti-circumvention software.

74. Defendant removed the protective metadata and, in fact, changed it to show it was the copyright holder.

75. Defendant did the forgoing with the intent to conceal the infringement.

76. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of $25,000 per violation plus its reasonable costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants, jointly and severably, and awarding plaintiff as follows:

1. restitution of defendants' unlawful proceeds;

18

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. pre- and post-judgment interest to the extent allowable;

6. damages under the DMCA of $25,000 per instance; and,

7. such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: February 10, 2019  **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)